1

2

3                                                              O

4

5

6                              JS - 6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  BACA GARDENING AND          )   Case No. EDCV 08-1328-VAP
    LANDSCAPING, INC., a        )   (JCx)
12  California Corporation,     )
                                )   **[Motion filed on October 8,**
13                Plaintiff,    )   **2008]**
                                )
14      v.                      )   **ORDER GRANTING MOTION TO**
                                )   **DISMISS**
15  PRIZM VINYL CORPORATION,    )
    a Delaware corporation,     )
16  EDWARD SHAPIRO,             )
    individually and DOES 1-    )
17  10, inclusive,              )
                                )
18                Defendants.   )
    _____ )
19

20      The Court has received and considered the papers

21  filed in support of, and in opposition to, Defendant

22  Prizm Vinyl Corporation and Edward Shapiro's Motion to

23  Dismiss Pursuant to Federal Rule of Civil Procedure

24  12(b)(2).  The matter is appropriate for resolution

25  without a hearing pursuant to Local Rule 7-15.  The

26  hearing on the matter, set on November 17, 2008 at 10:00

27  a.m., is VACATED.  For the following reasons, the Court

28  GRANTS Defendants' Motion to Dismiss.

# I.  BACKGROUND

**A.   Factual Allegations**

Plaintiff Baca Gardening and Landscaping, Inc. is a California corporation with its principal place of business in Fontana, California.  (<u>See</u> Compl. at ¶ 1.) Defendant Prizm Vinyl Corporation is a Delaware corporation with its principal place of business in York, Pennsylvania.  (<u>See</u> Compl. at ¶ 2; Not. Removal at ¶ 3(a)(ii).)  Defendant Edward Shapiro resides in Pennsylvania, is a citizen of Pennsylvania, and is alleged to be the "managing agent and/or principal of Defendant Prizm."  (Compl. at ¶¶ 4-5; Not. Removal at ¶ 3(a)(iii).)  Defendants are retail sellers of vinyl fencing products.  (<u>See</u> Compl. at ¶ 9.)

After viewing Defendants' Internet website, Plaintiff contacted Defendants by telephone to purchase vinyl fencing.  (<u>See</u> Opp'n at 3; Baca Decl. at ¶ 3.)  The parties reached an agreement about the quantity and price of the fencing Plaintiff would purchase.  (<u>See</u> Compl. at ¶¶ 10-11.)  Defendants shipped the fencing to New Mexico, where it was installed on Plaintiff's property.  (<u>See</u> Opp'n at 4.)

Shortly after installation, the fencing began "to warp, bend, bow, distress, move and otherwise become defective."  (Compl. at ¶ 13.)  Plaintiff contacted

1  Defendants on several occasions to complain about the
2  defects.  (Id. at ¶¶ 15-17.)  After the fence was
3  inspected in January 2008, Defendants assured Plaintiff
4  that the defective fencing would be replaced by
5  Defendants.  (Id.)  Defendants have not honored "their
6  assurances, promises, and warranties."  (Id. at ¶ 17.)
7
8  **B.  Procedural History**
9       On August 26, 2008, Plaintiff Baca Gardening and
10 Landscaping, Inc. filed a Complaint in the Superior Court
11 of California, County of San Bernardino, naming as
12 Defendants Prizm Vinyl Corporation and Edward Shapiro.
13 (See Compl.)  The Complaint listed the following claims:
14 (1) "Breach of Contract;" (2) "Breach of Implied
15 Warranties;" (3) "Breach of Implied Warranties (Mag-
16 Moss);" (4) "Breach of Express Warranties;" (5) "Breach
17 of Express Warranties (Mag-Moss);" (6) "Breach of Express
18 Warranties (Comm. Code § 2313);" (7) "Breach of Express
19 Warranties (Song-Beverly)."  (Id.)  Defendants removed
20 the case to the United States District Court, Central
21 District of California, on September 29, 2008.
22
23      Defendants filed a Motion to Dismiss Pursuant to
24 Federal Rule of Civil Procedure 12(b)(2) ("Motion") on
25 October 8, 2008 and the Declarations of Prizm Vinyl
26 Corporation ("Prizm Decl.") and Edward Shapiro ("Shapiro
27 Decl.").  Plaintiff filed Opposition ("Opp'n") on
28

1  November 3, 2008 and the Declaration of Joe Baca ("Baca

2  Decl.").  Defendants filed a Reply on November 10, 2008

3  and the Declaration of Kristen Hurd ("Hurd Decl.").

4

5                    **II. LEGAL STANDARD**

6      Federal Rule of Civil Procedure 12(b)(2) governs

7  dismissal for lack of personal jurisdiction.  "In order

8  to exercise personal jurisdiction over a nonresident

9  defendant in a case presenting a federal question, the

10 district court must first determine that 'a rule or

11 statute potentially confers jurisdiction over the

12 defendant and then conclude that asserting jurisdiction

13 does not offend the principles of Fifth Amendment due

14 process.'"  <u>Doe I v. Unocal Corporation</u>, 248 F.3d 915,

15 921-22 (9th Cir. 2001), citing <u>Go-Video, Inc. v. Akai</u>

16 <u>Electric Co., Ltd.</u>, 885 F.2d 1406, 1413 (9th Cir. 1989).

17

18

19     Due process requires that nonresident defendants have

20 certain "minimum contacts" with the forum state so that

21 the exercise of jurisdiction does not offend traditional

22 notions of fair play and substantial justice.  <u>Int'l Shoe</u>

23 <u>v. Washington</u>, 326 U.S. 310 (1945).  "[I]t is essential

24 in each case that there be some act by which the

25 defendant purposefully avails itself of the privilege of

26 conducting activities within the forum State, thus

27 invoking the

28

                              4

1   benefits and protections of its law."  Hanson v. Denckla,

2   357 U.S. 235, 253 (1958).

3

4       A court may exercise personal jurisdiction over a

5   nonresident defendant generally or specifically.  Doe v.

6   Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997).

7   Specific jurisdiction exists when: (1) the defendant

8   purposefully avails himself of the "privilege of

9   conducting activities in the forum," (2) the claims

10  arises "from the defendant's forum-related activities,"

11  (3) is reasonable.  See Data Disc, Inc. V. Sys. Tech.

12  Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

13  Alternatively, a court has general jurisdiction when the

14  defendant's activities within a state are "substantial"

15  or "continuous and systematic."  Id.

16

17      The plaintiff has the burden to establish a court's

18  personal jurisdiction over a defendant.  Cubbage v.

19  Merchent, 744 F.2d 665, 667 (9th Cir. 1984), cert.

20  denied, 470 U.S. 1005 (1985).  The plaintiff need only

21  demonstrate facts that if true would support jurisdiction

22  over the defendant.  Ballard v. Savage, 65 F.3d 1495,

23  1498 (9th Cir. 1995) (citations omitted); see also AT&T

24  v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th

25  Cir. 1996) (where trial court rules on jurisdictional

26  issue based on affidavits and discovery materials without

27  holding evidentiary hearing, plaintiff need only make

28

1  prima facie showing).  "[C]onflicts between the facts
2  contained in the parties' affidavits must be resolved in
3  [plaintiffs'] favor for purposes of deciding whether a
4  prima facie case for personal jurisdiction exists."  Id.
5  (Citations omitted.)

6

7                    **III. DISCUSSION**

8        Defendants move the Court to dismiss Plaintiff's
9  Complaint for lack of personal jurisdiction over
10 Defendants, who are out of state residents.  (See Mot.)
11 Plaintiff opposes Defendants' Motion and argues the Court
12 has specific jurisdiction over the Defendants.[1]  (See
13 Opp'n.)  In the alternative, Plaintiff argues the Court
14 should allow the Plaintiff to conduct limited discovery
15 about jurisdiction or transfer the case to another
16 District Court.  (Id.)

17

18 **A.   Specific Jurisdiction**

19      As stated above, Plaintiff has the burden of showing
20 the Court has specific jurisdiction over the Defendants
21 by demonstrating the following: (1) the Defendants have
22 availed themselves purposefully of the benefits and
23 protections of the laws of the forum state; (2)
24 Plaintiff's claims arise out of or relate to Defendants'

25

26 _____

27      [1] The Plaintiff argues only that the Court has
   specific jurisdiction over Defendants, not general
   jurisdiction.  (See Opp'n at 6.)  Thus, the Court limits
28 its discussion to specific jurisdiction.

forum-related activities; and (3) the Court's exercise of personal jurisdiction over Defendants is reasonable.  <u>See Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801-02 (9th Cir. 2004).  Without an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts."  <u>Sher v. Johnson</u>, 911 F.2d 1357, 1361 (9th Cir. 1990).

**1. Purposeful Availment**

Defendants argue they have not availed themselves purposefully of the benefits or protections of the laws of California.  (<u>See</u> Mot. at 9.)  According to Defendants, Plaintiff, located in California, entered into a contract with Defendants[2] over the telephone, followed by a written agreement, for the purchase of vinyl fencing.  (<u>Id.</u> at 10.)  The fencing was shipped to Plaintiff in Pennsylvania; Plaintiff arranged to have the fencing transported from Pennsylvania to Plaintiff's property in New Mexico, where the fencing was installed. (<u>Id.</u>)  Further, Defendants argue their written agreement with Plaintiff stated the contract was to "be construed and accepted in accordance with the laws of the Commonwealth of Pennsylvania."  (<u>Id.</u> at 3.)  Finally,

---

[2] Defendant Prizm is a "Delaware corporation with its principal place of business located in York, Pennsylvania."  (Mot. at 2.)  Defendant Shapiro is "a resident of and is domiciled in Pennsylvania."  (<u>Id.</u>)

1   Defendants argue, "[t]he transaction at issue here was
2   but a one-time
3   contract for the sale of a good which has only an
4   insignificant connection to California because it is
5   where the purchaser happened to be located, but otherwise
6   created no "substantial connection" or ongoing obligation
7   there."  (Id. at 10.)

8

9       Plaintiff argues Defendants have availed themselves
10  purposefully of California's benefits and protections.
11  Plaintiff alleges Defendants held themselves out to have
12  a "California representative," that Defendants made
13  several telephone calls and sent numerous facsimiles to
14  Plaintiff in California, and that Defendants sent sample
15  fencing to Plaintiff in California.  (See Opp'n at 7-8.)
16  According to Plaintiff, Defendants have "benefitted
17  economically by dealing with a California resident and
18  benefitted from California through entering into
19  contracts with [Plaintiff], which would be enforceable
20  under California law."  (Id. at 8.)

21

22      Plaintiff also argues Defendants have purposefully
23  availed themselves of the benefits and protections of
24  California's laws because the contract documents were
25  sent by facsimile transmission to and executed by

26

27

28

1  Plaintiff in California and Plaintiff suffers the damage
2  from the alleged breach in California.[3]  (Id. at 9.)

3

4      As this is a contract dispute, the Court must examine
5  whether the Defendants "purposefully avail[ed]
6  [themselves] of the privilege of conducting activities or
7  consummat[ed] a transaction in the forum."  Yahoo! Inc.
8  v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433
9  F.3d 1199, 1206 (9th Cir. 2006) (citation omitted)
10 (internal quotations omitted).  Generally, the fact that
11 a nonresident entered into a contract with a forum
12 resident is not a sufficient minimum contact, alone, with
13 the forum state to satisfy specific jurisdiction.  See
14 Gray & Co. v. Firstenberg Machinery Co, 913 F.2d 758, 760
15 (9th Cir. 1990); Boschetto v. Hansing, 539 F.3d 1011,
16 1019 (9th Cir. 2008).  In fact, the Supreme Court has
17 stated, a "contract is but an intermediate step to
18 serving to tie up prior business negotiations with future
19 consequences which themselves are the real object of the
20 business transaction."  Burger King Corp. v. Rudzewicz,
21 471 U.S. 462, 478-79 (1985).

22

23

24

25 ────────────────────
   [3] As an initial matter, it is not sufficient to
26 demonstrate purposeful availment that Plaintiff resides
   in California and suffers the effects of Defendants'
27 alleged breach of contract there.  See Casualty Assurance
   Risk Ins. Brokerage Co. v. Dillon, 976 F.2d 596, 601 (9th
28 Cir. 1992).

Jurisdiction is not established automatically because the forum state was the place of contracting, the place of performing, or because the breach caused harm in the forum state; viewing the contract as an intermediate step, the Court must weigh the following factors: (1) prior negotiations between the parties; (2) contemplated future consequences; (3) course of dealings between the parties; and (4) whether or not a choice of law provision was included in the contract. Id. at 479.

Here, the parties present no evidence of prior negotiations. In fact, the parties demonstrate this contract was their first and only instance of negotiating with one another. (See Mot. at 2-3; Opp'n at 3-4.) Thus, this factor does not weigh heavily in the Court's analysis.

Furthermore, the parties present no evidence of an intent to contract in the future or of the future consequences of entering into the contract at issue in this case. Thus, this factor also does not weigh heavily in the Court's analysis.

As to the third factor, the course of performance between the parties was very limited. It consisted of Plaintiff contacting the Defendants by telephone, after visiting Defendants' Internet website. (See Opp'n at 3-

4.)  According to Plaintiff, several telephone calls
between Plaintiff and Defendants' employees took place
and Defendants sent Plaintiff a sample of the fencing
before the parties entered into the contract.  (<u>Id.</u>)
Based on Plaintiff's proffer, Defendants knew or should
have known they were negotiating with a California
resident, given the phone number and address to which
they directed their communications.  This weighs in favor
of finding purposeful availment.

As to the final factor, Defendants allege there was a
choice of law term in the contract.  Defendants submit a
contract as an exhibit to the Motion; in the contract, it
states it is to "be construed and accepted in accordance
with the laws of the Commonwealth of Pennsylvania."
(<u>Mot.</u> at 3.)

Plaintiff objects to Defendants' exhibit, claiming it
never received it or was presented with it, and it does
not bear Plaintiff's handwriting.  (<u>See</u> Opp'n at 11.)
The Court sustains Plaintiff's objection because the
document itself is not authenticated properly by any
declaration submitted by Defendants.  Defendants'
Declaration of Prizm Vinyl Corporation, signed by Edward
Shapiro, does present testimony, however, that "[t]he
terms and conditions of Plaintiff's purchase of the
fencing set forth that the purchase was to be construed

11

1  and was accepted in accordance with the laws of the

2  Commonwealth of Pennsylvania." (See Prizm Decl. at ¶

3  18.)  The Court considers this as evidence that there was

4  a choice of law provision dictating Pennsylvania law be

5  applied to the

6  contract.  This weighs against finding purposeful

7  availment.

8

9      Based on the totality of the circumstances, the Court

10 finds Defendants did not avail themselves purposefully of

11 the benefits and protections of the laws of California

12 simply by responding to one inquiry by a California

13 resident and subsequently negotiating a contract with

14 that resident.  See Boschetto, 539 F.3d at 1019.

15 Plaintiff offers no evidence that Defendants sought out

16 or induced it to enter into a contract; rather, Plaintiff

17 presents evidence that it initiated the contact, based on

18 finding and reviewing Defendants' Internet website,[4] not

19 attributable to any act of Defendants.  (See Opp'n at 3-

20 4; Baca Decl. at ¶¶ 2-7.)

21

22

23

24     _____

    [4] Plaintiff does not argue that Defendants' Internet
25 website created personal jurisdiction over the
   Defendants.  Also, Plaintiff does not argue whether or
26 not Defendants' Internet website is passive or active.
   Thus, the Court does not consider whether Defendants'
27 Internet website, alone, could confer specific personal
   jurisdiction in this case.  See, e.g., Int'l L.P. v.
28 Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

1    In <u>Gray & Co. v. Firstenberg Machinery Co.</u>, an Oregon

2 resident called a California company to ask about

3 purchasing used equipment.  913 F.2d 758, 759 (9th Cir.

4 1990).  Based on the telephone call, the company sold to

5 the Oregon resident equipment located in Illinois, on an

6 "as is, where is" basis.  <u>Id.</u>  The company had no other

7 relationship to or contact with Oregon and the agreement

8 did not contemplate a continuing relationship between the

9 parties.  <u>Id.</u> at 760-61.  There, the Ninth Circuit found

10 the defendant's contacts with Oregon to be "attenuated"

11 and insufficient to establish purposeful availment.  <u>Id.</u>

12 at 761.

13

14    <u>Gray & Co.</u> controls here.  As in <u>Gray & Co.</u>,

15 Plaintiff has offered no evidence that Defendant has any

16 contact with California, save its limited communications

17 and negotiations with Plaintiff about entering into a

18 contract, solicited by Plaintiff.  Plaintiff has also

19 failed to show the parties contemplated or agreed to a

20 continuing relationship, besides the single vinyl fencing

21 contract.  Defendants' contact with California is too

22 attenuated to demonstrate purposeful availment.  <u>See</u> <u>Gray</u>

23 <u>& Co.</u>, 913 F.2d at 761; <u>see</u> <u>also</u> <u>Kerry Steel, Inc. v.</u>

24 <u>Paragon Industries, Inc.</u>, 106 F.3d 147, 151 (6th Cir.

25 1997) (finding no purposeful availment when defendant had

26 one isolated transaction with plaintiff, initiated over

27 the telephone by plaintiff in forum state, where the

28

parties came to agreement, facsimile was sent confirming
the agreement, and plaintiff sent payment).

     Plaintiff has not made out a prima facie case that
Defendants "expressly aimed [their] acts at California."
See Schwarzenegger, 374 F.3d at 807; cf. Keeton v.
Hustler Magazine, Inc., 465 U.S. 770, 774-75 (1984)
(finding purposeful availment where defendant published
magazines in Ohio and circulated them in the forum state
of New Hampshire); Mattel, Inc. v. MCA Records, Inc., 296
F.3d 894, 899 (9th Cir. 2002) (finding purposeful
availment where defendant distributed its European
products in the forum state of California); World-Wide
Volkswagen v. Woodson, 444 U.S. 286, 297-98 ("forum State
does not exceed its powers under the Due Process Clause
if it asserts personal jurisdiction over a corporation
that delivers its products into the stream of commerce
with the expectation that they will be purchased by
consumers in the forum State"); Plant Food Co-Op v.
Wolfkill Feed & Fertilizer Corp., 633 F.2d 155, 158-60
(9th Cir. 1980) (Canadian distributor that shipped
defective product to Montana may be subjected to personal
jurisdiction there).

     Plaintiff has not satisfied its burden of
demonstrating Defendants' purposeful availment of the
benefits and protections of the laws of California.

1         **2.   Claims Arising Out Of Or Relating To Defendants'**
2              **Forum-Related Activities**
3         The Ninth Circuit employs the "but for" causation
4    analysis to determine whether a claim arises out of the
5    defendant's forum-related activities; the plaintiff must
6    show, but for the defendant's forum-related activities,
7    plaintiff would not have been harmed.  <u>See</u> <u>Doe v. Unocal</u>
8    <u>Corp.</u>, 248 F.3d 915, 924 (9th Cir. 2001); <u>Ballard v.</u>
9    <u>Savage</u>, 65 F.3d 1495, 1500 (9th Cir. 1995).
10
11        Defendants argue they have no forum-related
12   activities, thus this prong of the specific jurisdiction
13   test cannot be met.  (<u>See</u> Mot. at 11.)   In the
14   alternative, Defendants argue none of their activities
15   relating to California "cause[d] Plaintiff to suffer any
16   damages."  (<u>Id.</u>)
17
18        Plaintiff argues this prong is met.  According to
19   Plaintiff, but for Defendants' alleged breach of their
20   contract, Plaintiff would not have suffered any damage.
21   (<u>See</u> Opp'n at 8.)
22
23        Applying the Ninth Circuit's "but for" test, the
24   Court must ask whether or not Plaintiff's alleged injury
25   could be attributed to Defendant's forum-related
26   activities.  First, it is necessary to define Defendants'
27   forum-related activities.  Here, Defendants' only alleged
28

contact with California is their communications and
negotiations with Plaintiff, located in California, and
subsequently entering into a contract with Plaintiff.
Thus, Defendants' relevant activities only relate to the
formation of the contract with Plaintiff.

Plaintiff does not allege injury from the formation
of the contract, but only the alleged breach of that
contract.  Plaintiff does not allege that Defendants
engaged in any forum-related activities following the
formation of the contract.  Plaintiff does not allege
Defendants breached the contract in California; Plaintiff
simply felt the damage resulting from the alleged breach,
in California.  Thus, Plaintiff has failed to demonstrate
how Defendants' forum-related activities, relating to the
formation of the contract, could have had a causal
connection to Plaintiff's alleged injury from the alleged
breach of contract.

   **3.  Reasonableness**

Plaintiff has failed to satisfy its burden on the
first two prongs of the specific jurisdiction test, thus
the Court need not determine whether or not the exercise
of jurisdiction is nonetheless reasonable here.  <u>See</u>
<u>Menken v. Emm</u>, 503 F.3d 1050, 1057 (9th Cir. 2007) ("If
the plaintiff fails to satisfy either of [the first two
specific jurisdiction] prongs, personal jurisdiction is

1  not established in the forum state" (citation omitted)).

2  In any event, given the Court's findings on the first two

3  specific jurisdiction prongs, it would be unreasonable

4  for the Court to exercise specific jurisdiction over the

5  Defendants in this case.  See id.; Sinatra v. National

6  Enquirer, Inc., 854 F.2d 1191, 1198-99 (9th Cir. 1988).

7

8  **B.    Alternative Request For Limited Jurisdictional**

9  **       Discovery**

10      Given the Court's determination that there is no

11  specific jurisdiction over the Defendants, the Court sees

12  granting Plaintiff's request for limited jurisdictional

13  discovery to be futile.  Plaintiff fails to specify the

14  discovery it would propound and how that discovery would

15  lead to information that would help it overcome the

16  jurisdictional deficiencies discussed above.  Thus,

17  Plaintiff's request is denied.

18

19  **C.  Alternative Request to Transfer**

20      Plaintiff requests that the Court, in lieu of

21  dismissing the case for lack of personal jurisdiction

22  over Defendants, transfer the case to a district that

23  would have personal jurisdiction over them, namely a

24  District Court that sits in a judicial district that

25  includes Santa Fe, New Mexico.  (See Opp'n at 12.)

26  Plaintiff voices concerns that, should the Court dismiss

27  the case rather than transfer it and Plaintiff would be

28

17

1    forced to re-file the case in another jurisdiction,
2    Plaintiff's claims would be barred by applicable statutes
3    of limitations.  (<u>Id.</u>)  Also, Plaintiff expresses
4    concerns about incurring burdensome financial costs by
5    bringing the claims in a Pennsylvania court; it would be
6    easier for Plaintiff to prosecute the case from a
7    location closer to California.  (<u>Id.</u>)

8        Defendants do not object to the transfer of the case;
9    Defendants urge the Court to transfer the matter to the
10   Commonwealth of Pennsylvania.  (<u>See</u> Reply at 4.)
11   Defendants point out that Plaintiff would have four
12   years, under 42 Pa. C.S.A. § 5525, to bring the contract
13   claims in Pennsylvania.  (<u>See</u> <u>id.</u> at n.1.)

14

15       Transfer to another District Court to cure a personal
16   jurisdiction deficiency is permissible when (1) a court
17   exists in which the case could have been brought
18   originally and (2) it is in the interest of justice.  <u>See</u>
19   28 U.S.C. § 1631; <u>Clark v. Busey</u>, 959 F.2d 808, 812 (9th
20   Cir. 1992).  Although jurisdiction would be proper in the
21   Commonwealth of Pennsylvania, Defendants' principal place
22   of business, the Court considers Plaintiff's arguments
23   about whether to transfer the case to the District of New
24   Mexico, in light of Plaintiff's arguments about it being
25   less financially burdensome to prosecute the case in New
26   Mexico.

27

28

1    Plaintiff's case could have been brought in the
2    District of New Mexico; that Court has subject matter
3    jurisdiction, on the basis of diversity jurisdiction,
4    over Plaintiff's claims, just as does this Court.  Also,
5    personal jurisdiction over the Defendants may be
6    satisfied in that forum.  According to Defendants,
7    "[b]ecause the fencing was delivered to Plaintiff in
8    Pennsylvania and shipped to and installed in New Mexico,
9    any further obligations between the Plaintiff and Prizm
10   would be in either Pennsylvania or New Mexico."  (See
11   Mot. at 10.)  Defendants' argument could be construed as
12   conceding that Plaintiff's claims could be brought in New
13   Mexico because Defendants have sufficient minimum
14   contacts in that state for personal jurisdiction to be
15   proper.

16

17   At the very least, Defendants knew, at the time of
18   contracting with Plaintiff, that Plaintiff was purchasing
19   the materials to be installed in its property in New
20   Mexico; Defendants arranged with Plaintiff to have the
21   materials sent through a common carrier to New Mexico
22   from Pennsylvania.  (See Mot. at 3.)  Defendants' acts
23   satisfy the inquiry into whether personal jurisdiction
24   over Defendants in New Mexico is proper.  See, e.g.,
25   Plant Food Co-Op, 633 F.2d at 158-60.

26

27

28

1  Defendants offer no argument about why the Court
2  should transfer the case to the Commonwealth of
3  Pennsylvania instead of to New Mexico, except noting that
4  Plaintiff has four years to bring its contract claims in
5  Pennsylvania.  (See Reply at 4, n.1.)
6  ///
7  ///
8  ///
9  ///
10
11  In the interest of justice and after consideration of
12  the parties' arguments, the Court transfers this case to
13  the federal District Court in the District of New Mexico.
14
15                    **IV. CONCLUSION**
16  For the foregoing reasons, the Court GRANTS
17  Defendants' Motion to Dismiss Pursuant to Federal Rule of
18  Civil Procedure 12(b)(2) and transfers the case to the
19  District Court in the District of New Mexico.
20
21                                    _Virginia A. Phillips_
22  Dated: _November 12, 2008_    _____
                                      VIRGINIA A. PHILLIPS
23                                United States District Judge
24
25
26
27
28